**Randall L. FULTZ, Plaintiff—
Appellant,**

v.

**CITY OF SALEM, Defendant—
Appellee.**

No. 01–35355.
D.C. No. CV–99–00399–AA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2002.

Decided Sept. 13, 2002.

---

*This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before T.G. NELSON, GRABER, and FISHER, Circuit Judges.

### MEMORANDUM *

After Plaintiff Randall Fultz suffered a work-related injury to his left ring finger, Defendant City of Salem terminated his employment as a police officer. Plaintiff filed this action alleging violations of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, and the Rehabilitation Act of 1973, 29 U.S.C. § 794. The district court granted summary judgment to Defendant. We affirm, because the record would not permit a trier of fact to find that Plaintiff is "disabled."

■ Plaintiff first asserts that the injury to his finger substantially limits him in the major life activity of working. The regulations define "working" as a major life activity, 29 C.F.R. § 1630.2(i), but Plaintiff's argument on substantiality is foreclosed by *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). On this record, Plaintiff's injury precludes him from performing

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

only law enforcement jobs that require forcible arrests or involvement with potentially combative situations; that is not a broad class of jobs.

Second, Plaintiff asserts that he is substantially limited in his ability to perform manual tasks, a major life activity. 29 C.F.R. § 1630.2(i). However, under *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), the evidence is insufficient. Plaintiff has shown that his ability to perform some manual tasks is diminished, but "diminished is different from 'substantially limited,' at least as understood by Congress and the Supreme Court." *Thornton v. McClatchy Newspapers, Inc.*, 292 F.3d 1045, 1046 (9th Cir. 2002). A few tasks, such as buttoning a shirt, are "more difficult" for him than they were before his injury, but the injury does not prevent or severely restrict Plaintiff from doing activities that are of central importance in most people's daily lives. For example, Plaintiff's doctor stated that he could do most of his activities, and Plaintiff admits that he can drive without difficulty. Under *Toyota* and *Thornton*, the evidence could not sustain a finding of substantial limitation in the major life activity of performing manual tasks.

Next, Plaintiff addresses grabbing, holding, and grip strength. We need not decide whether those count as major life activities, because the evidence would not support a finding of substantial limitation. Plaintiff testified that he experiences "difficulty" in grabbing, holding, and gripping but failed to demonstrate that this difficulty is a significant restriction. The other evidence, such as a physician's report written a month before Plaintiff's termination, document little problem; according to the report Plaintiff has a full range of motion in his left wrist, thumb, and non-injured fingers and his left grip is ⅝ as strong as his right grip.

An employer may lawfully decide that a limiting, but not substantially limiting, impairment makes a person less than ideally suited for a particular position. *Sutton*, 527 U.S. at 490–91. Here, Defendant requires all patrol officers to be able to perform forcible arrests and become involved in potentially combative situations, but Plaintiff could not because of his injured finger. Moreover, a person who is not disabled is not entitled to reasonable accommodation, 29 C.F.R. § 1630.2(o)(1), and we need not decide whether Defendant's job requirements are essential.

In the alternative, Plaintiff argues that Defendant regarded him as having a disability even if he did not actually have one. But the evidence shows only that Defendant accurately regarded Plaintiff as having an impaired left ring finger, not that it regarded him as disabled.

AFFIRMED.